UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NESTOR ALMONTE,

                       Plaintiffs,                      Docket No. 14-cv-5951
              v.                                (KPF)(JL)

437 MORRIS PARK, LLC D/B/A F&T
MANAGEMENT CO. *et al.*,

                       Defendants

----------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

ROBERT P. VALLETTI
Valli Kane & Vagnini, LLP
*Attorneys for Plaintiffs*
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180

**PRELIMINARY STATEMENT**

This is an action brought by Plaintiff who worked for Defendants as a handyman and superintendent at multiple apartment dwellings located in the Bronx, New York. Plaintiff contends Defendants deprived of minimum wages and overtime wages, *inter alia*, as required by the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") and the accompanying Rules and Regulations thereto ("NYCRR"). Plaintiff, by and through his attorneys, respectfully submit this Memorandum of Law in support of his Motion to amend the Complaint pursuant to the Federal Rules of Civil Procedure ("FRCP") 15(a)(2) and 21.

**STATEMENT OF FACTS**

This is a case brought by Plaintiff under the FLSA for failure to pay proper wages due to Defendants' conduct. Specifically, Plaintiff worked under the direction and control of Defendants Chanina Klahr ("Klahr")[1], Abraham Finkelstein ("Finkelstein") and Kalman Tabak ("Tabak"). Upon information and belief, Finkelstein and Tabak are also the owners of a management company, "F&T Management Co." ("F&T") that manages properties in the Bronx under the ownership and operation of Defendants 437 Morris Park, LLC and 1195 Sherman Ave, LLC. This entity shows up on various documents and appears to have its own letterhead. See Exhibit A annexed to the Affirmation in Support of the instant Motion to Amend. Plaintiff also asserts he frequently took orders from Klahr, who appeared to act under the veil of being a supervisor or manager for F&T, as well as Finkelstein and Tabak. Klahr's electronic signature appears on the letter in Exhibit C, illustrating he acted on behalf of F&T. F&T also maintains

---

[1] Chanina Klahr is the Hebrew name of Mr. Charles "Charlie" Clarke as represented by Defendants at the Unemployment Insurance Appeal Board regarding Plaintiff's claims for Unemployment Insurance; thus, these two entities are the same individual.

an office and a mailing address at 437 Morris Park Avenue. See Exhibit C. Additionally, "F&T Management" appears on the top of many time sheets. See Exhibit D annexed to the Affirmation in Support of the instant Motion to Amend for examples of these time sheets. Plaintiff incorporates by reference the facts and arguments in the accompanying Affirmation in Support of the instant Motion to Amend. Plaintiff now respectfully submit this Memorandum of Law in support of Plaintiff's Motion to Amend the Complaint to add F&T as and individually named Defendant, as opposed to a "D/B/A" of 437 Morris Park Avenue, as F&T has acted in the capacity of an "employer" under the FLSA, NYLL and the accompanying Rules and Regulations thereto.

**ARGUMENT**

I. **PLAINTIFF'S MOTION TO AMEND THE COMPLAINT SHOULD BE GRANTED**

Pursuant to FRCP 15(a), a party may amend their pleading by leave of the court or by written consent of the opposing party. This leave, while within the discretion of the court, is to be freely given as justice so requires. Leave is generally granted unless there appears to be bad faith or unnecessary delay on the part of the movant, or if permitting the proposed amendment would be futile. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); Min Jin v. Metro. Life. Ins., 310 F.3d 84, 101 (2d Cir. 2002)(" "[l]eave to amend should be freely granted, but the district court has the discretion to deny leave if there is… futility, bad faith, undue delay, or undue prejudice to the opposing party."). "If the plaintiff has at least colorable grounds for relief, justice does so require" allowing the amendment. S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir.1979) (citing Foman, *supra*.); see also Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 138 (E.D.N.Y.

1998).

To the extent a proposed amendment would add new parties, the motion is technically governed by FRCP 21, which provides that the court may at any time, on just terms, add or drop a party, rather than Rule 15(a). Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010). However, the "same standard of liberality" applies under either Rule 15 or Rule 21. Id. at 94 (quoting FTD Corp. v. Banker's Trust Co., 954 F. Supp. 106, 109 (S.D.N.Y. 1997)). Furthermore, the Court possesses broad discretion under Rule 21 to permit a change in the parties at any stage in the litigation. Int'l Union of Bricklayers & Allied Craftsmen Local No. 5 v. Hudson Valley Dist. Council Bricklayers & Allied Craftsmen Joint Benefit Funds, 162 F.R.D. 17, 24 (S.D.N.Y. 1995); accord Sullivan v. West New York Residential, Inc., 2003 U.S. Dist. LEXIS 6498, at *1 (E.D.N.Y. 2003).

In the Second Circuit, the party opposing the amendment bears the burden of demonstrating that leave would be futile or prejudicial. Blaskiewicz, 29 F. Supp. 2d at 137.

*Plaintiffs' Proposed Amendment of Additional Parties is Not Futile*

Plaintiffs submit that the proposed amendment to the Complaint, i.e. naming F&T Management Co. as a party Defendant, would not be futile.

The standard utilized to determine whether a proposed amendment is futile is the same standard used to decide whether a claim would be subject to a motion to dismiss. Eldridge, 2013 U.S. Dist. LEXIS 131705 at *11-12 (W.D.N.Y. 2013) (citing Hampton Bays Connections, Inc. v. Duffy, 212 F.R.D. 119, 123 (E.D.N.Y. 2003)). The issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims asserted. See Luparello v. Inc. Vill. of Garden City, 290 F. Supp. 2d 341, 343 (E.D.N.Y. 2003); see also

Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995). In making this determination, the court should not consider the merits of a claim or defense unless the amendment is "clearly frivolous or legally insufficient on its face." Blaskiewicz, 29 F. Supp. 2d at 138 (quoting Northbrook Nat'l Ins. Co. v. J&R Vending Corp., 167 F.R.D. 643, 647 (E.D.N.Y. 1996) (additional citation omitted). To overcome objections of futility, the moving party must merely show that it has "at least colorable grounds for relief." Cano v. DPNY, Inc., 287 F.R.D. 251, 256 (S.D.N.Y. 2012)

The FLSA states only that an "'[e]mployer' includes any person acting directly or indirectly in the interests of an employer in relation to an employee…." 29 U.S.C. § 203(d). The statute does not further define "employer." The FLSA is to be "construed…liberally to apply to the furthest reaches consistent with congressional direction." Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 296, 105 S. Ct. 1953, 85 L. Ed. 2d 278 (1985). The Second Circuit has determined that, under the statute, an employer may include someone who exercises a sufficient level of operational control in the company's employment of employees. Irizarry v. Catsimatidis, 722 F.3d 99, 104-11 (2d Cir. 2013).

Plaintiffs' proposed Second Amended Complaint pleads sufficiently specific facts allowing addition of the proposed Defendant F&T as Klahr, Finkelstein and Tabak, all agents of F&T, exerted the requisite level of control over Plaintiff to be deemed "employers" under the FLSA and NYLL. See Affirmation in Support at ¶¶13-18.

Plaintiff contends, and documentary evidence shows, that F&T exerted control over Plaintiff in his job. See Exhibit C and D to the Affirmation in Support. Notably, the "F" and "T" are initials of the surnames for Abraham Finkelstein & Kalman Tabak, the principals of F&T. See Affirmation in Support at ¶15. F&T, through the actions of Finkelstein, Tabak and

Klahr, hired Plaintiff; gave Plaintiff work orders on a daily and weekly basis; supervised Plaintiff and similarly situated handymen, porters and superintendents; required Plaintiff to carry a company issued radio and set of keys; hired Plaintiff's son to work as a superintendent and "straw-man" for Plaintiff to receive pay; and required Plaintiff to live on the premises at 437 Morris Park Avenue. See generally Affirmation in Support at ¶¶13-18. Additionally, in December 2013, F&T terminated Plaintiff's employment as the superintendent of the 437 Morris Park Avenue building. See Affirmation in Support at ¶19. Seven months after Plaintiff's termination, while Defendants were refuting Plaintiff's attempt to collect unemployment insurance benefits, F&T, via Klahr, then offered Plaintiff a job repairing apartments at 1195 Sherman Avenue. See Exhibit C. F&T therefore possessed the requisite level of control over Plaintiff's work conditions and the 'operations' in a manner that related Plaintiff's employment.

F&T exercised a great deal of control over Plaintiff's terms and conditions of employment even down to the daily orders he received. Considering the totality of the circumstances and Plaintiff's allegations at this early point in the discovery phase of the litigation, adding F&T as a party Defendant would not be futile.

***Plaintiff Has Not Engaged in any Undue Delay or Bad Faith and Defendants are not Subject to Any Prejudice by the Proposed Amendment***

Plaintiff further submits that Plaintiff has not engaged in any undue delay or bad faith, and Defendants will not be prejudiced by the proposed amendment to the Complaint.

In determining what constitutes prejudice, the Second Circuit considers the delay in bringing the amendment, the delay in disposition of the action due to the amendment, and potential bad faith or dilatory purposes in proposing the amendment by the moving party. Block

v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) accord H.L. Hayden Co. v. Siemens Medical Systems, 112 F.R.D. 417, 419 (S.D.N.Y. 1986) ("One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action."). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Block, 988 F.2d at 350 (quoting State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).

Plaintiff has not delayed in seeking an amendment to the Complaint in this case and has not engaged in bad faith. The Court said a deadline of January 15, 2015 to file the instant motion to amend the Complaint to add parties to the action. See Exhibit E annexed to the accompanying Affirmation in Support. As of December 5, 2014, Plaintiff and Defendants served Interrogatories and Requests for Production. See Affirmation in Support at ¶6-7. As of January 12, 2015, Plaintiff had served responses to Defendants' Interrogatories and Requests for Production. See Affirmation in Support at ¶8. To date, Plaintiff has not received responses from Defendants, although the parties remain in discussions regarding said discovery. See Affirmation in Support at ¶9.

Courts also take note of the timing of the amendment in relation to the proximity to trial; however, this argument would have no bearing on the analysis here as no trial date has been set by the Court. Additionally, Plaintiff has only amended the Complaint one time, as of right, in this case. Principles of equity are also, therefore, with Plaintiff in this respect so that the parties are accurately portrayed and accounted for. No prejudice would result to Defendants in permitting Plaintiff's amendment naming F&T as a party Defendant.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court grant their Motion for leave to amend the Complaint and allow Plaintiffs to file the proposed Second Amended Complaint, along with whatever other measures this Court deems just and proper.

Dated:	January 15, 2015
	Garden City, New York

							Respectfully submitted,

							VALLI KANE & VAGNINI


							 /s/ Robert P. Valletti
							Robert P. Valletti (RV-1847)
							*Attorneys for Plaintiffs*
							600 Old Country Road, Suite 519
							Garden City, New York 11530