UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NESTOR ALMONTE,

                        Plaintiffs,                Docket No. 14-cv-5951
            v.                                        (KPF)(JL)

437 MORRIS PARK, LLC D/B/A F&T        **AFFIRMATION IN SUPPORT**
MANAGEMENT CO. *et al.*,

                        Defendants

-------------------------------------------------------------X

ROBERT P. VALLETTI, an attorney admitted to this Court and to New York State, under the penalty of perjury under the laws of the United States, affirms and says:

1.      I am an associate of the firm representing Plaintiff NESTOR ALMONTE in this action.

2.      Plaintiff filed the original Complaint this action on or about July 31, 2014 pursuant to the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") and the New York Code of Rules and Regulations ("NYCRR") against Defendants 437 Morris Park LLC D/B/A F&T Management Co. ("Morris Park"), 1195 Sherman Ave. LLC ("Sherman Ave"), Sherman Management Co. D/B/A Sherman Management Associates LLC ("Sherman Management"), Chanina Klahr (also known as "Charles 'Charlie' Clarke"), Kalman Tabak ("Tabak") and Abraham Finkelstein ("Finkelstein") (collectively referred to as "Defendants").[1] A Copy of the original Complaint is annexed hereto as Exhibit A.

3.      On or about September 24, 2014, before any Defendant had answered or otherwise moved, Plaintiff filed and served the First Amended Complaint. A copy of the First

---

[1] These are the names of the Defendants as corrected by agreement of the parties and order of this Court dated November 10, 2014.

Amended Complaint is annexed hereto as Exhibit B.

4. Attached hereto is a letter from Charles "Charlie" Clarke (also known as "Chanina Klahr") adorning the letterhead of F&T Management Co., purporting to be the "Agent for 1195 Sherman Ave LLC." See Exhibit C.

5. Attached hereto as Exhibit D are several examples of time sheets bearing the heading of "F&T Management;" these time sheets involve porters at both the 437 Morris Park Avenue apartment complex and the 1195 Sherman Avenue apartment complex. See Exhibit D.

6. On December 5, 2014, Plaintiff served his First Set of Interrogatories and Document Demands on Defendants. Plaintiff allotted 30 days for Defendants' responses.

7. On December 5, 2014, Defendants' also served their First Set of Interrogatories and Document Demands on Plaintiff. Defendants required Plaintiff to answer same by January 12, 2015.

8. Pursuant to Defendants' demands, on January 12, 2015, Plaintiff has served his Responses and Objections to Defendants' Interrogatories and his Responses and Objections to Defendants' Requests for Production.

9. To date, Plaintiffs have not received Defendants Responses to First Set of Interrogatories and Document Demands. Defendants have represented they will be responding promptly.

10. Attached hereto as Exhibit E is a copy of the Civil Case Management Plan and Scheduling Order.

11. Plaintiff has included the Proposed Second Amended Complaint as Exhibit F.

## **RELEVANT FACTS**

12. Plaintiff began his employment with Defendants in or about February 2011 after interviewing with Klahr.

13. During Plaintiff's employment with Defendants, he worked under the direction and control of Defendants; specifically, Plaintiff received orders from Defendants Klahr, then the manager or supervisor of F&T Management Co. ("F&T")

14. Plaintiff also took orders from Abraham Finkelstein and Kalman Tabak, who are upon information and belief, the owners and/or principals of Defendants 437 Morris Park LLC and 1195 Sherman Ave. LLC.

15. Also, upon information and belief, Finkelstein and Tabak are the owners and/or principals of F&T. Aside from Plaintiff's personal knowledge regarding the inner workings of Defendants' business structure, this is also ascertainable though the initials of the company consisting of the first initials of their surnames.

16. The orders Plaintiff received from Klahr, Finkelstein and Tabak required Plaintiff to complete plumbing work, electrical work, repair furniture, fix boilers and hot water heaters, fix air conditioning, respond to emergencies within tenant apartments and also handle emergencies in common areas in the buildings.

17. Normally, throughout his employment, Plaintiff received sheets containing work orders from Klahr; however, on many occasions, Plaintiff would receive phone calls or faxes from Defendants Finkelstein or Tabak dictating what Plaintiff needed to do.

18. On other occasions, Plaintiff affirmatively called either Defendant Finkelstein or Defendant Tabak to receive his orders and carry out his daily (and nightly) activities.

19. In or about December 2013, Klahr fired Plaintiff from his superintendent position

at the 437 Morris Park Avenue location.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiff's request to amend the Complaint for the reasons set forth in the accompanying Memorandum of Law in Support of Plaintiff's Motion to Amend the Complaint, in this action, and such other and further relief.

Dated: January 15, 2015
Garden City, New York

By:   /s/ Robert P. Valletti
Robert P. Valletti
Attorney for Plaintiffs
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 1153