EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
NESTOR ALMONTE,
                           Plaintiff,

                 v.                         **ANSWER TO AMENDED COMPLAINT**

                                                                          Civil Action No.: 14-cv-5951 (KPF)

437 MORRIS PARK, LLC D/B/A F&T
MANAGEMENT CO., 1195 SHERMAN AVE.,
LLC, SHERMAN MANAGEMENT CO. D/B/A
SHERMAN MANAGEMENT ASSOCIATES, LLC,
CHARLES "CHARLIE" CLARK, KALMAN
TABAK, AND ABRAHAM FLUKELSTEIN,
                           Defendants.
_____

        Defendants 437 Morris Park, LLC (incorrectly sued as 437 Morris Park, LLC d/b/a F&T Management Co.), 1195 Sherman Ave., LLC., Chanina Klahr (incorrectly sued as "Charles 'Charlie' Clarke"), Kalman Tabak, and Abraham Finkelstein (incorrectly sued as "Abraham Flukelstein") by their attorneys Goldberg and Weinberger LLP, answer the complaint of Plaintiff as follows:

1. Deny the allegations in paragraphs 1, 2, 3 and 4 of the Amended Complaint.

2. Deny the allegations in paragraph 5 of the Amended Complaint except admit the Court has jurisdiction over this action pursuant to 28 U.S.C § 1331.

3. Deny the allegations in paragraph 6 of the Amended Complaint.

4. Deny the allegations in paragraph 7 of the Amended Complaint, except admit that venue is proper in this jurisdiction.

5. Deny the allegations in paragraph 8 of the Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations

where Plaintiff resides, and admit that Plaintiff was employed by Defendant 437 Morris Park LLC and 1195 Sherman Ave., LLC.

6. Deny the allegations in paragraph 9 of the Amended Complaint, except admit that Plaintiff was employed by Defendant 437 Morris Park LLC and 1195 Sherman Ave., LLC.

7. Deny the allegations in paragraph 10 of the Amended Complaint except admit that Defendant 437 Morris Park LLC is registered and exists in New York State.

8. Deny the allegations in paragraph 11 of the Amended Complaint except admit that Defendants Flukelstein and Tabak are members of 437 Morris Park LLC.

9. Deny the allegations in paragraph 12 of the Amended Complaint except admit that 1195 Sherman Ave., LLC is registered and exists in the New York State.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint.

11. Deny the allegations in paragraphs 14 and 15 of the Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint.

13. Deny the allegations in paragraph 17 of the Amended Complaint except admit that Clarke is a citizen of the State of New York.

14. Deny the allegations in paragraph 18 of the Amended Complaint except admit that Tabak is a citizen of the State of New York and is a member of 437 Morris Park, LLC.

15. Deny the allegations in paragraph 19 of the Amended Complaint except admit that Abraham Finkelstein is a citizen of the State of New York and is a member of 437 Morris Park, LLC and 1195 Sherman Ave., LLC.

16. Deny the allegations in paragraphs 20 and 21 of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of the Amended Complaint.

18. Deny the allegations in paragraphs 23, 24 and 25 of the Amended Complaint.

19. Deny the allegations in paragraphs 26 and 27 of the Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint.

21. Deny the allegations in paragraphs 29, 30, 31, 32, 33, 34, 35, 36 and 37 of the Amended Complaint.

22. Deny the allegations in paragraph 38 of the Amended Complaint except admit that the Plaintiff worked as a superintendent at 437 Morris Park, Bronx, New York.

23. Deny the allegations in paragraphs 39, 40, 41, 42, 43, 44 and 45 of the Amended Complaint.

24. Deny the allegations in paragraph 46 in the Amended Complaint except admit that Plaintiff sometimes worked at other locations.

25. Deny the allegations in paragraphs 47 and 48 of the Amended Complaint.

26. Deny the allegations in paragraph 49 of the Amended Complaint except admit that Plaintiff was loaned money by one of the defendants.

27. Deny the allegations in paragraphs 50, 51, 52, 53, 54 and 55 of the Amended Complaint.

28. Deny the allegations in paragraph 56 of the Amended Complaint except admit that Plaintiff requested additional monies.

29. Deny the allegations in paragraphs 57, 58, 59, 60, 61, 62, 63 and 64 of the Amended Complaint.

30. Deny the allegations in paragraph 65 of the Amended Complaint except admit that Plaintiff is not an exempt employee.

31. Deny the allegations in paragraph 66 of the Amended Complaint.

32. As to the allegations of paragraph 67 of the Amended Complaint, repeat and re-allege each and every response in paragraphs 1-66 heretofore provided as if set forth at length herein.

33. Deny the allegations in paragraphs 68, 69 and 70 of the Amended Complaint.

34. As to the allegations of paragraph 71 of the Amended Complaint, repeat and re-allege each and every response in paragraphs 1-70 heretofore provided as if set forth at length herein.

35. Deny the allegations in paragraphs 72, 73 and 74 of the Amended Complaint.

36. As to the allegations of paragraph 75 of the Amended Complaint, repeat and re-allege each and every response in paragraphs 1-74 heretofore provided as if set forth at length herein.

37. Deny the allegations in paragraphs 76, 77 and 78 of the Amended Complaint.

38. As to the allegations of paragraph 79 of the Amended Complaint, repeat and re-allege each and every response in paragraphs 1-78 heretofore provided as if set forth at length herein.

39. Deny the allegations in paragraphs 80, 81 and 82 of the Amended Complaint.

40. As to the allegations of paragraph 83 of the Amended Complaint, repeat and re-allege each and every response in paragraphs 1-82 heretofore provided as if set forth at length herein.

41. Deny the allegations in paragraphs 84, 85 and 86 of the Amended Complaint.

42. As to the allegations of paragraph 87 of the Amended Complaint, repeat and re-allege each and every response in paragraphs 1- 86 heretofore provided as if set forth at length herein.

43. Deny the allegations in paragraphs 88, 89 and 90 of the Amended Complaint.

44. As to the allegations of paragraph 91 of the Amended Complaint, repeat and re-allege each and every response in paragraphs 1- 90 heretofore provided as if set forth at length herein.

45. Deny the allegations in paragraphs 92, 93 and 94 of the Amended Complaint.

46. As to the allegations of paragraph 95 of the Amended Complaint, repeat and re-allege each and every response in paragraphs 1- 94 heretofore provided as if set forth at length herein.

47. Deny the allegations in paragraph 96, 97, 98 and 99 of the Amended Complaint.

48. Admit that Plaintiff has demanded a jury trial in paragraph 100 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

49. Plaintiff has failed to state a claim against the Defendants upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

50. Plaintiff claims causes of action and/or relief which are not provided for and/or which he is not entitled to receive under applicable law.

THIRD AFFIRMATIVE DEFENSE

51. Plaintiff has been paid all amounts that are required and the Defendants have complied with all that is required under applicable law.

FOURTH AFFIRMATIVE DEFENSE

52. The Court lacks subject matter jurisdiction.

FIFTH AFFIRMATIVE DEFENSE

53. Plaintiff is barred by the doctrines of estoppel, laches, unclean hands and waiver.

SIXTH AFFIRMATIVE DEFENSE

54. The causes of action are barred by applicable statutes of limitations.

SEVENTH AFFIRMATIVE DEFENSE

55. Defendants, at all times, acted reasonably, in good faith and without any willful or intentional misconduct.

EIGHTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred because some of the activities for which he demands compensation are *de minimis* under applicable law.

NINTH AFFIRMATIVE DEFENSE

57. Defendants were not Plaintiff's "employer" under applicable law.

TENTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are preempted by federal and/or state law.

ELEVENTH AFFIRMATIVE DEFENSE

59. There is no personal liability for the individual Defendants.

Dated: New York, New York
     October 27, 2014

<u>s/ Stuart Weinberger</u>
Stuart Weinberger, Esq.
Goldberg and Weinberger LLP
Attorneys for Defendants 437 Morris Park, LLC
(incorrectly sued as 437 Morris Park, LLC d/b/a
F&T Management Co.), 1195 Sherman Ave., LLC.,
Chanina Klahr (incorrectly sued as "Charles
'Charlie' Clarke")  Kalman Tabak, and Abraham
Finkelstein (incorrectly sued as "Abraham
Flukestein")
630 Third Avenue, 18th Floor
New York, New York 10017
(212) 867-9595 (Ext. 313)