UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
NESTOR ALMONTE,

                   Plaintiff,                  **NO. 14-CV-5951(KPF)**

     -against-

437 MORRIS PARK, LLC d/b/a F&T
MANAGEMENT COP., 1195 SHERMAN AVE.,
LLC, SHERMAN MANAGEMENT CO., d/b/a
SHERMAN MANAGEMENT ASSOCIATES, LLC,
CHANINA KLAHR, KALMAN TABAK, and
ABRAHAM FINKELSTEIN,

                  Defendants.
------------------------------------------------------------- X

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Valletti & Associates, LLC
611 Wayne Avenue, Suite 2
New Hyde Park, NY 11040
P: (516) 606-4934

Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, NY 11540
P: (516) 203-7180

## TABLE OF CONTENTS

Page(s)

TABLE OF CONTENTS                                                    1

TABLE OF AUTHORITIES                                                 2

PRELIMINARY STATEMENT                                                3

PROCEDURAL HISTORY                                                   4

STATEMENT OF RELEVANT FACTS                                          4

ARGUMENT                                                             6

POINT I: DEFENDANTS ARE NOT ENTITLED TO SUMMARY
JUDGMENT REGARDING SPREAD OF HOURS COMPENSATION                      7

POINT II: DEFENDANTS ARE NOT ENTITLED TO SUMMARY
JUDGMENT REGARDING WAGES AND OVERTIME PAY                            11

CONCLUSION                                                           12

## TABLE OF AUTHORITIES

Cases                                                                                       Pages

*Almeida v. Aguinaga,*
    500 F.Supp.2d 366 (S.D.N.Y. 2007)................................................................ 11, 12

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)............................................ 7

*Beyer v. County of Nassau,*
    524 F.3d 160 (2d Cir. 2008)............................................................................ 7

*Celotex Corp. v. Catrett,*
    477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)............................................ 6

*Dickerson v. Napolitano,*
    604 F.3d 732 (2d Cir. 2010)............................................................................ 7

*Hicks v. Baines,*
    593 F.3d 159 (2d Cir.2010)............................................................................ 7

*Koljenovic v. Marx,*
    999 F.Supp.2d 396 (E.D.N.Y. 2014) .............................................. 8, 9, 10, 11

*Lee v. Kim,*
    2013 WL 4522581 (E.D.N.Y. Aug. 27, 2013)........................................................ 9

*Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,*
    475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)........................................ 7, 8

*Reiseck v. Universal Comm's of Miami, Inc.,*
    591 F.3d 101 (2d Cir. 2010)............................................................................ 9

Rules

Federal Rule of Civil Procedure 56(a) .................................................................... 6

Regulations

12 N.Y.C.R.R. §141.................................................................................... 8, 11
12 N.Y.C.R.R. §141-3.4 ............................................................................ 8, 9

## PRELIMINARY STATEMENT

Defendants 437 MORRIS PARK, LLC, 1195 SHERMAN AVE., LLC, CHANINA KLAHR, KALMAN TABAK AND ABRAHAM FINKELSTEIN ("Defendants") contend Plaintiff NESTOR ALMONTE cannot sustain claims regarding minimum wages, overtime wages and spread of hours compensation because he was, at all relevant times, the resident janitor of the apartment complex located at 437 Morris Park Avenue.  Under the law of this jurisdiction, to be the resident janitor of an apartment complex, an employee must perform building service work and live on the premises.  Notably, only one individual in a building may be the resident janitor and qualify for the exemption from minimum wages and overtime under the Minimum Wage Order for the Building Services Industry promulgated by the New York State Commissioner of Labor on July 24, 2009.   It is the duty of the employer to designate such a resident janitor at the beginning of their employment with the employer, lest an employer attempt to circumvent the law by retrospectively claiming an individual is a resident janitor as a defense to wage violations later claimed by employees.

Defendants herein hired Plaintiff and his son Manuel Almonte in April 2011 to be superintendents of the building located at 437 Morris Park.  Notably, during that time period, because Plaintiff did not have a social security number or work authorization papers to work legally in the United States, Defendant Klahr specifically hired the son, Manuel Almonte as the superintendent in all official respects, e.g. from April 2011 to April 2013, Manuel's name appeared on all documentation relevant to the superintendent position.  During that time period, Manuel performed all of the duties germane to the superintendent position working more than 40 hours per week.  Manuel also lived at the premises located at 437 Morris Park along with his father, Plaintiff

Nestor Almonte, and the rest of their family.  Thus, Defendants fail to establish, and cannot based on the record, that Plaintiff was the resident janitor of the apartment complex located at 437 Morris Park Avenue; therefore, Defendants have not met their burden entitling them to Summary Judgment on Counts IV, V and VIII of the First Amended Complaint.

## PROCEDURAL HISTORY

Plaintiff adopts Defendants' recitation of the procedural history in this matter.

## STATEMENT OF RELEVANT FACTS

437 Morris Park Avenue is an apartment building.   (Defendants' 56.1 Stmt, at ¶1).  Defendant Chanina Klahr was the site manager for several buildings operated by Defendants Finkelstein and Tabak, including 1056 Boynton Avenue, 437 Morris Park Avenue and 1195 Sherman Avenue. (Id. At ¶12).  While Defendants initially hired Plaintiff as a handyman at 1056 Boynton Avenue (Plaintiff's 56.1 Stmt. at ¶19) and intended for him to become a superintendent at 437 Morris Park Avenue in April 2011, Plaintiff did not have a social security number and proper documentation. (Id.). In response to Plaintiff's lack of proper documentation, Defendant Klahr hired Manuel Almonte ("Manuel"), Plaintiff's son, to be superintendent at 437 Morris Park Avenue.  (Id. at ¶20; ¶34).  When Manuel was hired, Manuel and his entire family moved into the building located at 437 Morris Park Avenue in April 2011.  (Id. at ¶36).

As superintendent, Manuel worked over 40 hours per week a 437 Morris Park Avenue. (Id. at ¶37).  Notably, when Defendant Klahr hired Manuel, Manuel was in high school; Manuel had to drop out of school because "he couldn't do both things at the same time."  (Id. at ¶38). Since Manuel was working for Defendants full time, his lack of attendance at school caused him to be officially discharged from high school in November 2011.  (Id.).

Defendant Klahr required Manuel and Plaintiff to sign handyman and porter time sheets under the name "Manuel Almonte."  (Id. at ¶23).  Most of the time sheets of these handymen and porters were personally signed by Manuel.  (Id.).  Defendant Klahr also required both Plaintiff and Manuel to sign Manuel's name when handling any vendors that made deliveries or performed services at 437 Morris Park since hiring both men in April 2011.  (Id.).

Both Plaintiff and Manuel were bosses over handymen and porters at 437 Morris Park Avenue.  (Id. at ¶21).  While Plaintiff performed maintenance duties, followed work orders, took calls and received complaints by phone, Manuel gave orders and directed workers to complete maintenance and other work at the building.  (Id. at ¶22).  By way of example, Manuel individually gave orders to Willy Fuentes, Geraldo, Bobby, Charlie, Kasim and other workers; he also witnessed and signed their time sheets as superintendent.  (Id.).  Furthermore, Manuel identified himself as superintendent to many vendors, including those who supplied vending machines, provided extermination services and for the company delivering the building's oil supply.  (Id. at ¶25).  In fact, Manuel was known to other superintendents working for Defendants as a superintendent of the building at 437 Morris Park.  (Id. at ¶35).

Defendants paid Plaintiff and his son through Plaintiff's son's name, Manuel Almonte.  (Id. at ¶40).  Plaintiff asked Defendant Klahr for his "salary to start had to be $500 weekly."  (Id.).  Defendant Klahr replied by that he would pay Plaintiff $400 a week to perform superintendent work at 437 Morris Park.  (Id.).  Despite Defendants' contentions, Plaintiff and his son received one salary, paid weekly, that was not based on any number of units in any of the apartment complexes Plaintiff or his son worked in.  (Id.)

Lastly, Defendant Klahr terminated Manuel Almonte entirely from employment with Defendants herein in June 2013.  (Id. at ¶41).   This is documented in the "Employment-End

Compensation Statement" signed by Manuel Almonte on June 13, 2013.  (Id.).  Plaintiff was officially hired and designated as the superintendent of the building at 437 Morris Park Avenue in April 2013 when he received his social security number and other documentation as a legal citizen of the United States.  (Id. at ¶42).

## ARGUMENT

Under Federal Rule of Civil Procedure 56(a), summary judgment is warranted only if the moving party shows that "there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." F.R.C.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Only disputes relating to material facts—*i.e.,* "facts that might affect the outcome of the suit under the governing law"—will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in non-movant's favor." *Beyer v. County of Nassau,* 524 F.3d 160, 163 (2d Cir. 2008).

In determining whether to grant summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson v. Napolitano,* 604 F.3d 732, 740 (2d Cir. 2010). However, once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the non-moving party may not "rely on mere speculation or conjecture as to the true nature of the facts," *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir.2010) (internal quotation marks omitted), or "rest upon the mere allegations or denials" asserted in the pleadings, *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Instead, to defeat summary judgment, the non-moving party must "come forward

with specific facts showing that there is a genuine issue for trial." *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348 (1986) (internal quotation marks omitted).

## DEFENDANTS' ARE NOT ENTITLED TO PARTIAL SUMMARY JUDGMENT ON COUNTS IV AND V OF THE FIRST AMENDED COMPLAINT BECAUSE THERE EXISTS A GENUINE DISPUTE OF MATERIAL FACT REGARDING PLAINTIFF'S STATUS AS THE RESIDENT JANITOR AT 437 MORRIS PARK

Defendants' basis for partial summary judgment as to Counts IV and V rests on the definitive application of the janitor's exemption in the Minimum Wage Order for the Building Service Industry to Plaintiff's employment with Defendants from April 2011 to April 2013; however, Defendants have not met their burden of showing that there exists no genuine dispute of material fact as to Defendants' entitlement to the exemption.  Thus, Defendants are not entitled to Summary Judgment.

The New York State Department of Labor has promulgated specific minimum wage regulations for the "Building Service Industry."  See 12 N.Y.C.R.R. §141 et. seq. ("the minimum wage order").  The Minimum Wage Order requires that employees in the building service industry, "except for a janitor in a residential building," be paid at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty hours per week.  Id. at §141-1.4; see also *Koljenovic v. Marx,* 999 F.Supp.2d 396, 399 (E.D.N.Y. 2014).  The regulations do not provide minimum wages or overtime wages for "janitors;" those who qualify as a janitor are paid on the number of units in the building in which they work.  *Koljenovic,* 999 F.Supp.2d at 399.

The janitor exemption is found in 12 N.Y.C.R.R. §141-3.4.  Defendants bear the burden of establishing entitlement to the janitorial exemption.  *Koljenovic,* 999 F.Supp.2d at 399.  The statutory exemption is narrowly construed against the employer in light of the remedial purpose of the New York Labor Law.  Id.

The Minimum Wage Order defines a "janitor in a residential building" as:

> …a person employed to render any physical service in connection with the maintenance, care or operation of a residential building. Where there is only one employee, such employee shall be deemed the janitor. **Where there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor. No building may have more than one janitor.**

12 N.Y.C.R.R. §141-3.4; *see also Koljenovic*, 999 F. Supp. 2d at 400.

The recent case of *Koljenovic v. Marx*, 999 F.Supp.2d 396 (E.D.N.Y. February 6, 2014) discusses the janitor exemption in depth.  At the outset, it should be noted that "in light of the remedial purpose of the New York Labor Law, the statutory exemption is narrowly construed against the employer.  *Koljenovic*, 999 F.Supp.2d at 399 (citing *Reiseck v. Universal Comm's of Miami, Inc.*, 591 F.3d 101 (2d Cir. 2010) (narrowly construing exemptions from overtime pay requirement against employers)).  The *Koljenovic* court went on to state that "[w]here there is only one employee who meets the statutory requirements for an exempt janitor in a residential building…the employee is considered the exempt janitor under section 141–3.4, notwithstanding that the employer referred to the employee as the 'building superintendent' or 'super,' instead of 'janitor.'" *Koljenovic*, 999 F. Supp. 2d at 401.  The *Koljenovic* court cited *Lee v. Kim*, 2013 WL 4522581 (E.D.N.Y. Aug. 27, 2013) for the proposition that "building superintendents [can be] 'janitors' where they performed maintenance services ***and were the only resident employees***."  The court in *Koljenovic* makes clear that only one employee may reside in the building and can qualify as the "janitor."  Furthermore, 12 N.Y.C.R.R. §141-3.4 states "Where there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor. No building may have more than one janitor."

Defendants believe Plaintiff will not be entitled to minimum wage and overtime pay because he will qualify for the "janitor exemption" under the New York Labor Law and the accompanying New York Code of Rules and Regulations; such an assertion is misguided.

Plaintiff herein cites to specific factual assertions as testified to by Plaintiff and several non-party witnesses, that illustrate there are genuine disputes of material facts.

First, Defendants do not dispute that both Plaintiff and his son lived at 437 Morris Park Ave. Furthermore, Plaintiff and Manuel testified that Defendant Klahr hired Manuel as a superintendent and to work alongside Plaintiff. Manuel testified to performing all different types of work germane to the superintendent position, including maintenance work, receiving deliveries and dealing with vendors. Manuel additionally testified that he orders to workers throughout the complex at 437 Morris Park Avenue and that he took orders from Defendants Finkelstein and Tabak, the owners of the buildings. As Manuel worked more than 40 hours per week as a superintendent beginning in April 2011, the position caused him to exceed the number of allowable absences in high school; he was formally discharged from high school due to absences in November 2011.

The testimony makes clear that all relevant documentation from April 2011 through April 2013 bears the name Manuel Almonte. Both Plaintiff and Manuel testified that Manuel met with Defendant Klahr on two occasions, to sign paperwork, so that his employment as a superintendent with Defendants could commence. These meetings included having Manuel sign an employment application form and certain tax documents that Defendant Klahr later filled in himself. Plaintiff and Manuel also testified that Defendant Chanina Klahr directed both men, as a condition of their employment, to sign Manuel's name whenever they encountered a need for a superintendent's signature.

9

A third witness, Wilton Munoz, corroborates Plaintiff's and Manuel's testimony: Mr. Munoz testified that Manuel lived at 437 Morris Park and worked as superintendent from April 2011 through April 2013.

While Defendants claim Plaintiff's real name only became apparent later during his employment, Defendants' testimony proved to be less than truthful as Defendant Klahr admitted to having knowledge of Plaintiff's "real" name, Nestor, as early as April 2011 when both Plaintiff and Manuel were hired by Defendant Klahr.

The plaintiffs in *Koljenovic* made an argument that is directly applicable to the instant matter. The *Koljenovic* plaintiffs argued the defendants should not be allowed to retroactively label them as "janitors" for purposes of the overtime regulations, especially where the defendants referred to another employee as the "janitor." They argued, albeit unsuccessfully, that in the absence of a contemporaneous designation, employers would be able to evade the overtime regulations by "making self-serving, after-the-fact designations in response to subsequent claims for overtime compensation." *Koljenovic*, 999 F. Supp. 2d at 400.

Where the *Kojenovic* plaintiffs' argument failed is where Plaintiff's argument in this case succeeds due to a key fact highlighted by the court in that case: "Under the Minimum Wage Order, **plaintiffs were the only employees eligible to be designated as the exempt 'janitor' under section 141–1.4 for each of their respective buildings.**" *Id.* at 400 (emphasis added). In the matter at bar, testimony of three individuals shows there are two qualifying employees: Plaintiff and his son Manuel. While Defendants argue Plaintiff "was required and designated" by 437 Morris Park to live in the building, they are only now tailoring their actions to fit the law and retroactively claim the janitor exemption applies to Plaintiff.

Since Defendants have not demonstrated that there is no genuine dispute of material facts regarding Plaintiff's designation as the resident "janitor," Defendants are not entitled to Summary Judgment on Counts IV and V.

## DEFENDANTS' ARE NOT ENTITLED TO PARTIAL SUMMARY JUDGMENT ON COUNT VIII BECAUSE THERE EXISTS A GENUINE DISPUTE OF MATERIAL FACT REGARDING APPLICATION OF THE BUILDING SERVICE INDUSTRY MINIMUM WAGE ORDER

Defendants have not met their burden of showing that there exists no genuine dispute of material fact as to application of the Minimum Wage Service Order; thus, Defendants are not entitled to Summary Judgment.

There is no Minimum Wage Order under 12 N.Y.C.R.R. §141 that states building service workers are not entitled to spread of hours pay. The discussion in *Almeida v. Aguinaga*, 500 F.Supp.2d 366 (S.D.N.Y. 2007) leads to the contrary conclusion. In denying the defendant's motion for partial summary judgment, the *Almeida* court held that a live-in domestic service employee was entitled to pursue spread of hours compensation for the time period she showed she was paid below the statutory minimum wage. *Almeida*, 500 F.Supp.2d at 369-70.

Additionally, Defendants assert, in the most conclusory manner, that Plaintiff is covered by the Wage Service Order that automatically removes his ability to claims compensation due for "spread of hours" pay. Defendants cite no binding authority for their contentions and do not point to specific testimony or documentation for entitlement to Summary Judgment. Additionally, Defendants purport to rely on a "Request for an Opinion." Defendants claim the request is annexed to their moving papers but failed to attach same. Should Defendants attempt to annex this Request for an Opinion to their reply papers, which is in itself improper, Plaintiff would be prejudiced by not having adequate opportunity to address said Request for an Opinion. Finally, Requests for

11

Opinions are, in most circumstances, based on a specific set of facts and extremely limited in their precedential value.

Since Defendants have not demonstrated that there is no genuine dispute of material facts regarding Plaintiff's ability to assert a claim for spread of hours compensation, Defendants are not entitled to Summary Judgment on Counts VIII.

## **<u>CONCLUSION</u>**

For the reasons set forth above, Defendants are not entitled to Summary Judgment on Counts IV, V and VIII of the First Amended Complaint as they have not demonstrated there is no genuine dispute of material fact.

Dated: September 10, 2015                                  Respectfully submitted,

/s/ Robert P. Valletti
Robert P. Valletti, Of Counsel
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, NY 11540